■ In the Matter of TIMOTHY J. DAILEY, Appellant, v CITY OF NEW YORK et al., Respondents. [752 NYS2d 884] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about January 17, 2002, which, in a CPLR article 78 proceeding to compel respondent City and respondent Police Department to pay petitioner the monetary value of the compensatory time he had accrued at the time of his resignation from the Police Department, granted respondents' cross motion to dismiss the petition, unanimously affirmed, without costs.

Under Mayoral Executive Order No. 76, dated March 23, 1973, an employee whose employment terminates other than by retirement "may be paid" the monetary value of any accumulated and unused compensatory time, "subject to the written approval of the agency head." Pursuant thereto, the Police Department issued a written policy statement, dated November 20, 1989, providing that accrued compensatory time would be

paid only to members who resign in good standing with no disciplinary charges pending against them. Petitioner alleges that he resigned while disciplinary charges were pending against him in order to enter the Port Authority Police Academy. An application by the Police Department to advance his disciplinary hearing was denied by respondent City's Office of Administrative Trials and Hearings for lack of exigency since petitioner was resigning and the nature of his alleged misconduct was not such as to jeopardize his pension benefits. We reject petitioner's argument that the refusal to advance the hearing, and resulting loss of his compensatory time balance, was arbitrary and capricious. Respondents were not required to reschedule the hearing in order to accommodate petitioner's resignation date. Petitioner's various constitutional arguments are improperly raised for the first time on appeal, and we decline to review them. Concur—Tom, J.P., Buckley, Rosenberger, Friedman and Marlow, JJ.