[901 NE2d 732, 873 NYS2d 239]

THOSE CERTAIN UNDERWRITERS AT LLOYDS, LONDON, et al., Appellants, v OCCIDENTAL GEMS, INC., Respondent, and INTERINGS, INC., et al., Appellants.

Argued October 21, 2008; decided November 24, 2008

## APPEARANCES OF COUNSEL

*Abrams, Gorelick, Friedman & Jacobson, P.C.*, New York City (*Daniel J. Friedman* and *Gabrielle H. Puchalsky* of counsel), for Those Certain Underwriters at Lloyds, London and another, appellants.

*K&L Gates LLP*, New York City (*Michael R. Gordon* and *Elizabeth M. Harris* of counsel), for Interings, Inc. and others, appellants.

*Mound Cotton Wollan & Greengrass*, New York City (*Daniel Markewich* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

We are called upon to determine whether the Appellate Division correctly affirmed Supreme Court's order denying plaintiffs' motion to confirm a special referee's report which recommended that defendant Occidental Gems, Inc. (Occidental) be compelled to produce (1) Vijay Mehta, a resident of Belgium, for an oral deposition in New York and (2) testimony and documents relating to a Belgian arbitration in which Occidental is not a party. We conclude that this question should be answered in the affirmative.

■ This dispute arises from a fidelity loss claim filed with plaintiffs (various insurance underwriters) by Occidental seeking to recover approximately $10.5 million in losses. Plaintiffs refused to pay the claim and brought a declaratory judgment action in Supreme Court alleging that the losses by Occidental were not covered under the applicable insurance policies. Pursuant to CPLR 3104, Supreme Court appointed a special referee to oversee discovery. Subsequently, plaintiffs moved, pursuant to CPLR 3126, for an order of preclusion. This motion was referred to the special referee. Upon reviewing the submitted exhibits and after hearing arguments, the special referee issued a report recommending that plaintiffs' motion be granted to the extent of requiring Occidental to (1) produce Mr. Mehta in New

York to be deposed and (2) provide testimony and documents relating to a Belgian arbitration. The special referee further recommended that "this report be approved and confirmed, upon proper application to the court pursuant to CPLR § 4403, and that the underlying relief held in abeyance be disposed of in accordance with the foregoing findings."* Plaintiffs moved to confirm the report and defendant Occidental cross-moved for an order vacating it.

After determining that the evidence did not support the special referee's recommendations, Supreme Court denied plaintiffs' motion to confirm the referee's report and granted Occidental's cross motion to vacate. In a 3-2 decision, the Appellate Division, upon its own review of the evidence, upheld the decision of Supreme Court. In so concluding, the court reaffirmed that a trial court is vested with broad discretion in supervising the discovery process and its determination will not be disturbed absent an improvident exercise of that discretion. The dissenting justices agreed with the factual findings that supported the special referee's recommendations.

Plaintiffs argue that: (1) a trial court cannot disaffirm a special referee's findings of fact where there is support in the record for those findings; and (2) when the trial court appoints a special referee it waives its discretion and limits its review. We disagree.

■ Generally, the trial court "is afforded broad discretion in supervising disclosure and its determinations will not be disturbed unless that discretion has been clearly abused. The deference afforded to the trial court regarding disclosure extends to its decision to confirm a referee's report, so long as the report is supported by the record" (*Di Mascio v General Elec. Co.*, 307 AD2d 600, 601 [3d Dept 2003] [internal citations omitted]). However, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000] [internal citations omitted]).

---

* [1] This reference was made pursuant to CPLR 3104 ("Supervision of disclosure"), not CPLR 4320 ("Reference to report"); accordingly, the special referee's recommendation that her report be confirmed did not comport with the procedure set forth in CPLR 3104 (d) (any party or witness can make a motion in the court in which the action is pending to seek review of a referee's order). Bottom line, where the reference is made under CPLR 3104, there is no requirement that the referee's order be confirmed by the court in the absence of a request for review by a party.

Here, the Appellate Division exercised such discretion and found that Supreme Court properly determined that the evidence did not support the special referee's recommendation.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum; Chief Judge KAYE taking no part.

Order affirmed, etc.