Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 24, 2009, which denied defendant’s motion for a protective order and confirmed the December 3, 2008 ruling of the Special Master regarding production of certain materials associated with tests conducted by defendant’s withdrawn expert in the matter entitled Paul Oswald v A.O. Smith Water Products et al. (index No. 111227/01), unanimously affirmed, with costs.
In this negligence and strict products liability action in the New York City Asbestos Litigation, the court did not abuse its discretion in ordering the production of certain tiles, boxes, videos and photographs (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Although the Oswald case had been settled, the appeal with respect thereto had been withdrawn and its expert had been withdrawn, there remained other ongoing Kentile asbestos litigation. Thus, the motion court had full authority, under the controlling case management order, to issue its discovery order pertaining to ongoing cases involving Kentile, including this case.
Furthermore, plaintiff demonstrated the “special circumstances” or “undue hardship” necessary to support an entitlement to expert disclosure beyond the statutorily required sum *601 mary of the expert’s opinions (see CPLR 3101 [d] [1] [iii]; [2]; cf. Martinez v KSM Holding, 294 AD2d 111 [2002]). The items at issue, tiles sold prior to 1986, the boxes in which they were stored, and photographs and videos thereof, could not be obtained on the open market, and the withdrawal of defendant’s expert did not affect the disclosure requirement as the items were not work-product prepared in anticipation of litigation.
We have considered defendant’s remaining arguments, including that the motion court ignored its motion for a protective order, and find them unavailing. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.