◼ MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, et al., Respondents-Appellants, v GLOBAL STRAT INC. et al., Defendants, and EZEQUIEL NASSER et al., Appellants-Respondents. (And Another Action.) [942 NYS2d 55]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered August 9, 2010, awarding plaintiffs the total sum of $99,013,769 as against the Nasser defendants, unanimously affirmed, with costs. Order, same court and J.H.O.,

entered January 31, 2011, which granted so much of defendants' motion as sought to dismiss the eighth cause of action and to dismiss the complaint in its entirety as against Albert Nasser for lack of personal jurisdiction, unanimously modified, on the law, to deny the motion as to Albert Nasser, and the appeal therefrom otherwise dismissed, without costs, as academic.

In granting the motion to dismiss as against Albert Nasser for lack of personal jurisdiction, Supreme Court stated that it was vacating the judgment as against him. However, the judgment in the record on appeal names Albert Nasser as a defendant from whom plaintiffs have recovery, and it is that judgment that we affirm. We find that plaintiffs made a prima facie showing that Albert is subject to jurisdiction in New York through evidence that in the first three months of 2008, he actively traded in the New York-based Merrill Lynch accounts of Inversiones, his personal holding company, and that he participated by telephone in a March 2008 meeting with Merrill Lynch in New York concerning the trading activities at issue in this case (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *compare OneBeacon Am. Ins. Co. v Newmont Min. Corp.*, 82 AD3d 554, 555 [2011] [no evidence that defendant exercised control over the corporation that purchased insurance policies issued by insurers with principal places of business in New York]).

The Nassers' repeated failure to comply with discovery deadlines or offer a reasonable excuse for their noncompliance with discovery requests, as well as their counsel's misrepresentations in open court as to the cause of one of their violations, give rise to an inference of willful and contumacious conduct warranting the entry of judgment against them (*see Turk Eximbank-Export Credit Bank of Turkey v Bicakcioglu*, 81 AD3d 494 [2011]). The Nassers were appropriately warned that judgment would be entered against them if their discovery responses were found by the Special Referee to be noncompliant with plaintiffs' requests (*see id.*; *cf. Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 194 [1998]). Concur—Tom, J.P., Andrias, Catterson, Richter and Abdus-Salaam, JJ.