[999 NE2d 156, 976 NYS2d 678]

MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, et al., Respondents, v GLOBAL STRAT INC., Also Known as GLOBAL STRATEGIES INC., et al., Defendants, and EZEQUIEL NASSER et al., Appellants. (And Another Action.)

Argued September 10, 2013; decided October 10, 2013

## APPEARANCES OF COUNSEL

*Shiboleth LLP*, New York City (*Charles B. Manuel, Jr.*, and *Robert A. Rosenberg* of counsel), for appellants.

*Bingham McCutchen LLP*, New York City (*Kenneth I. Schacter, Timothy J. Stephens* and *Leigh M. Nemetz* of counsel), and *Bressler, Amery & Ross, P.C.* (*Brian F. Amery* and *Dominick F. Evangelista* of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified, without costs, by vacating the judgment of Supreme Court and remitting to that court for further proceedings in accordance with this memorandum and, as so modified, affirmed.

Merrill Lynch, Pierce, Fenner & Smith, Inc. and Merrill Lynch Capital Services, Inc. (collectively, Merrill Lynch) commenced this action against Ezequiel, Raymond, Albert and Scarlett Nasser (collectively, the Nassers) and the Nassers' offshore personal holding companies and corporations (Nasser entities), asserting that they engaged in "high-risk" investment activities through their Merrill Lynch accounts, resulting in a net deficit balance of over $68 million. In addition to bringing claims against the Nassers in their personal capacities under an "alter ego" theory, Merrill Lynch asserted claims against certain of the

Nassers and the Nasser entities for fraud, fraudulent conveyance and breach of fiduciary duty. The Nasser entities answered the complaint, with counterclaims; the Nassers in their personal capacities moved to dismiss the complaint for, as relevant here, lack of personal jurisdiction.

During the pendency of the motion to dismiss, Merrill Lynch served notices for discovery and inspection on the Nasser entities and the Nassers personally, excepting Scarlett. The Nassers were granted a stay of discovery on the claims against them personally pending the outcome of the motions to dismiss.

Four months after Merrill Lynch served its discovery notices, the Nasser entities had still not produced any documentation, prompting Merrill Lynch to request a court conference. At the conference and following thereafter, charges and countercharges ensued over the adequacy or inadequacy of the entities' responses to the discovery demands. Supreme Court warned that if the responses were not accurate and detailed, it would "enter a judgment in this case" and order an inquest on damages.

When discovery disputes continued, the court referred the matter to a Referee for a determination whether defendants had been forthcoming with respect to the discovery demands served on them regarding the claims against the entities. Counsel for Merrill Lynch advised the Referee that Merrill Lynch was seeking to take depositions of the Nassers and representatives of the Nasser entities to determine what steps had been taken to ensure compliance with the discovery demands, reserving the right to seek a default judgment should the facts demonstrate entitlement to such relief. In a brief report, devoid of substance, the Referee failed to address Merrill Lynch's request for depositions and concluded that while there was insufficient evidence that the Nasser entities failed to comply with the discovery demands, there was sufficient evidence that the Nassers had failed to do so.

Merrill Lynch then moved to confirm the Referee's report and sought immediate entry of a default judgment against the Nassers personally, despite the fact that the lawsuit against the Nassers had been stayed and they had yet to answer. Supreme Court granted the motion and directed the entry of a judgment against the Nassers personally on liability and ordered an inquest on damages, which subsequently resulted in the entry of a default judgment against the Nassers, excepting Scarlett, in an amount of approximately $98 million, and judgment against Scarlett in the amount of $369,125.

Subsequent to the entry of that judgment, Supreme Court denied the motions of Ezequiel, Raymond and Scarlett Nasser seeking dismissal, but granted Albert's motion and vacated the judgment against him. The Nassers' appeal from the judgment and the order denying their motion to dismiss was consolidated with Merrill Lynch's cross appeal from the trial court's order dismissing the complaint against Albert. The Appellate Division concluded that Supreme Court erred in dismissing the complaint against Albert for want of personal jurisdiction, but upheld the entry of a default judgment against the Nassers (94 AD3d 491, 491-492 [1st Dept 2012]). We granted the Nassers leave to appeal.

CPLR 3126 provides that if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusals as are just." Such an order may include the entry of a default judgment against the non-complying party (see CPLR 3126 [3]). It is within the trial court's discretion to determine the nature and degree of the penalty (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]), and the sanction will remain undisturbed unless there has been a clear abuse of discretion (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). The sanction should be "commensurate with the particular disobedience it is designed to punish, and go no further than that" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8 at 462).

Here, Supreme Court abused its discretion with respect to the grant of a default judgment against the individual Nassers. The penalty imposed—entry of a default judgment against the Nassers, individually—was not commensurate with the alleged disobedience, i.e., failure to produce documents that Merrill Lynch claimed were in the Nassers' possession with respect to the Nasser entities. The record evidence shows that Merrill Lynch originally sought only the imposition of a substantially lesser penalty, namely, depositions of the Nassers in order to ascertain whether they complied with the discovery demands. Supreme Court specifically referred the matter to a Referee to determine whether the depositions were warranted, but the Referee provided no basis for his conclusion concerning the Nassers' alleged non-compliance. Thus, there is no record support for the granting of a default judgment against the individual defendants who had yet to answer and against whom a stay had been granted. We therefore remit the matter to Supreme Court for

the imposition of an appropriate sanction, should it determine that a sanction is warranted.

We have considered the Nassers' remaining contention that the Appellate Division erred in concluding that Albert was subject to jurisdiction under this state's long-arm statute and deem it to be without merit.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order modified, without costs, by vacating the judgment of Supreme Court, New York County, and remitting to that court for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.