■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYQUAN WARD, Appellant. [51 NYS3d 394]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Ronald Zweibel, J.), rendered February 5, 2015, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.

■ GARY FRAGIN, Respondent, v FIRST FUNDS HOLDINGS, LLC, Formerly Known as FIRST FUNDS LLC, et al., Appellants. [51 NYS3d 394]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about August 12, 2016, which granted plaintiff's motion to compel the production of documents and testimony, unanimously modified, on the law, and in the exercise of discretion, to refer this matter to a special master for review of all of the documents on defendants' privilege log, and otherwise affirmed, without costs.

The motion court providently exercised its discretion (*see e.g. Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008]) by finding that plaintiff demonstrated "a factual basis for a showing of probable cause to believe that a fraud . . . has been committed" (*Matter of New York City Asbestos Litig.*, 109 AD3d 7, 10 [1st Dept 2013] [internal quotation marks omitted], *lv dismissed* 22 NY3d 1016 [2013]). The motion court's original decision at oral argument—to refer all of the documents (not just a sample) to a special master—was sound, and we exercise our independent discretion (*see Those Certain Underwriters*, 11 NY3d at 845) to direct such a course. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.