Sears Roebuck & Co. v Vornado Realty Trust (2018 NY Slip Op 01421)





Sears Roebuck & Co. v Vornado Realty Trust


2018 NY Slip Op 01421


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5890N 156171/14

[*1] Sears Roebuck and Co., Plaintiff-Appellant,
v
Vornado Realty Trust, et al., Defendants-Respondents.


Moses & Singer, LLP, New York (Jason Canales of counsel), for appellant.
French & Casey, LLP, New York (Victoria Kennedy of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 11, 2017, which denied plaintiff's motion to strike the answer or compel defendants to comply with outstanding discovery demands, and granted defendants' cross motion to the extent of directing plaintiff to comply with all outstanding discovery demands, unanimously affirmed, without costs.
Nothing in the record suggests that defendants acted willfully, contumaciously, or in bad faith, warranting the drastic remedy of striking the answer (see Henderson—Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]). Indeed, defendants produced responsive documents to requests that were the subject of plaintiff's motion, as shown by their affirmation in support of the first cross motion, of which this Court takes judicial notice (see Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 202 [1st Dept 2010]). Plaintiff is not entitled to confidential information about the interrelationship and ownership of defendants. Moreover, defendants submitted responses to plaintiff's 86 interrogatories, and, as the majority of their responses to the interrogatories in dispute were proper, the court was not obligated to "prune" the interrogatories for plaintiff (see Lerner v 300 W. 17th St. Hous. Dev. Fund Corp., 232 AD2d 249, 250 [1st Dept 1996]).
The court providently exercised its discretion in directing plaintiff to comply with all outstanding discovery demands (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Having held numerous conferences during the four years of discovery in this action, the court was in the best position to decide this particular dispute.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK