Han v New York City Tr. Auth. (2019 NY Slip Op 00975)





Han v New York City Tr. Auth.


2019 NY Slip Op 00975


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8298 152872/13

[*1]Ashley Han, etc., et al., Plaintiffs-Respondents,
v
New York City Transit Authority, Defendant-Appellant.


Lawrence Heisler, Brooklyn, (Harriet Wong of counsel), for appellant.
Alexander J. Wulwick, New York, for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered July 27, 2017, which granted plaintiffs' motion for sanctions pursuant to CPLR 3126 to the extent it precluded defendant from calling its former employee train operator as a witness at trial, or offering any statements by the employee as evidence at trial, and directed that an adverse inference instruction be given as to defendant's failure to produce him for deposition despite repeated court orders, unanimously reversed, on the law, without costs, and the motion denied.
CPLR 3126 provides that if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusal as are just." It is within the motion court's discretion to determine the nature and degree of the penalty (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]), and the sanction will remain undisturbed unless there has been a clear abuse of discretion (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). The sanction should be "commensurate with the particular disobedience it is designed to punish, and go no further than that" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8 at 497; see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013]).
Despite defendant's alleged noncompliance with several discovery stipulations and court orders relating to the taking of the train operator's deposition, the record considered as a whole
does not support a finding of willfulness on the part of the defendant so as to justify the severe sanctions imposed. Therefore, the motion court's order was an abuse of discretion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK