McNelis v Thomas (2019 NY Slip Op 02861)





McNelis v Thomas


2019 NY Slip Op 02861


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-11960
 (Index No. 19193/13)

[*1]John McNelis, appellant,
v
Terry R. Thomas, et al., respondents.


Glinkenhouse Queen, Woodmere, NY (Stephen J. Green of counsel), for appellant.
Tarshis & Hammerman LLP, Forest Hills, NY (Roberta E. Tarshis and Jasmine Weg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered October 12, 2017. The order granted that branch of the defendants' motion, in effect, pursuant to CPLR 3126 which was to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The defendants moved, inter alia, to dismiss the complaint as a result of the plaintiff's failure to identify his medical providers and to provide the defendants with authorizations to obtain medical records for the treatment he received as a result of the subject accident and for the prior treatment he received for conditions allegedly aggravated by the accident. The defendants asserted that the plaintiff was in violation of a preliminary conference order dated November 18, 2014, a compliance conference order dated May 21, 2015, and further orders dated March 15, 2016, and September 12, 2016, and that the plaintiff's noncompliance was willful and contumacious.
On March 8, 2017, the plaintiff served a response to the defendants' demand for authorizations. However, the plaintiff's response made reference to an affidavit in which he stated that he had conducted an unsuccessful search for the names and addresses of his medical providers and had not located any documents which would refresh his recollection as to the names of, among others, his physicians, pharmacies, or insurers. Therefore, he only could provide authorizations for 3 of the 16 items demanded. When the defendants objected to this response, the plaintiff replied that he was "not required to be the investigative agency' for the defense," and that he would sign authorizations if the defendants identified his providers.
The Supreme Court granted that branch of the defendants' motion, in effect, pursuant to CPLR 3126 which was to dismiss the complaint. The plaintiff appeals.
Pursuant to CPLR 3126, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," the court may, inter alia, strike that party's pleadings or portions thereof (CPLR 3126[3]; see CDR Créances S.A.S. v Cohen, 23 NY3d 307, 317-318; Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat [*2]Inc., 22 NY3d 877, 880; Kihl v Pfeffer, 94 NY2d 118, 122). The nature and degree of the sanction to be imposed is a matter within the broad discretion of the trial court (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d at 880; Westervelt v Westervelt, 163 AD3d 1036, 1037).
"Although courts should resolve actions on the merits when possible, a court may strike [a pleading] upon a clear showing that [a party's] failure to comply with a disclosure order was the result of willful and contumacious conduct" (Pastore v Utilimaster Corp., 165 AD3d 685, 686 [internal quotation marks omitted]; see Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 860). " The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders' and the absence of a reasonable excuse for these failures" (Westervelt v Westervelt, 163 AD3d at 1037, quoting Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066; see Honghui Kuang v MetLife, 159 AD3d 878, 881).
Here, the plaintiff provided no excuse for his repeated failure, over a period of more than two years, to comply with the Supreme Court's orders directing him, inter alia, to provide the names of his medical providers and authorizations to obtain medical records from them. The plaintiff's belated response that he could not recall the names of his providers and could not find records to refresh his recollection, even as to the names of current providers, did not constitute a reasonable excuse for his failure to comply with the court-ordered disclosure. Accordingly, the Supreme Court providently exercised its discretion by granting the sanction of striking the complaint (see Commisso v Orshan, 85 AD3d 845; see also Patino v Carlyle Three, LLC, 148 AD3d 1175, 1177; Piemonte v JSF Realty, LLC, 140 AD3d 1145, 1145-1146).
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court