Pacelli v Peter L. Cedeno & Assoc., P.C. (2021 NY Slip Op 01725)





Pacelli v Peter L. Cedeno & Assoc., P.C.


2021 NY Slip Op 01725


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 158224/16 Appeal No. 13400 Case No. 2020-04502 

[*1]Atesa Pacelli et al., Plaintiffs-Appellants,
v
Peter L. Cedeno & Associates, P.C., et al., Defendants-Respondents.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn (Justin T. Kelton of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Jamie R. Wozman of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered November 9, 2020, which, to the extent appealed from, denied plaintiffs' motion to compel defendants to respond to certain interrogatories as well as a document request, unanimously affirmed, with costs.
The motion court providently exercised its discretion in determining that that the discovery sought by plaintiffs was not material and necessary to the prosecution of their tort claims (see generally CPLR 3101[a]; Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Plaintiffs were not entitled to discovery regarding prior alleged misconduct because their claim for violation of New York City's Victims of Gender-Motivated Violence Protection Law is premised on rape, and animus is inherent in rape (see Breest v Haggis, 180 AD3d 83, 94 [1st Dept 2019]). Contrary to plaintiffs' contention, they are not entitled to information merely because it relates to nonmaterial factual allegations in their complaint, which are unrelated to any element of their claims. It is the alleged coercive representations that were made in the text messages at issue that are relevant, not the underlying conduct. Further, plaintiffs have not shown a basis for seeking defendant's travel documents at this time, as plaintiff has not alleged that defendant Cedeno claimed that he was unavailable for a conference due to travel.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021