Youwanes v Steinbrech (2021 NY Slip Op 02232)





Youwanes v Steinbrech


2021 NY Slip Op 02232


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 805038/17 Appeal No. 13544 Case No. 2020-01337 

[*1]Michael Youwanes, Plaintiff-Respondent,
v
Douglas Steinbrech, M.D., et al., Defendants-Appellants.


Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla (Adonaid C. Medina of counsel), for appellants.
Law Office of Todd J. Krouner, P.C., Chappaqua (Christopher W. Dennis of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 6, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint pursuant to CPLR 3126, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in not striking plaintiff's complaint based upon his failures in providing court-ordered discovery (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013]). A motion court " is afforded broad discretion in supervising disclosure and its determinations will not be disturbed unless that discretion has been clearly abused" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008] [internal quotation marks omitted]). On review, "deference [is] afforded to the [motion] court regarding disclosure. . ." (see id.; Watson v City of New York, 157 AD3d 510, 513 [1st Dept 2018]). Here, defendants do not point to any flaw or error in the lower court's reasoning. Thus, defendants fail to satisfy the abuse of discretion standard of review.
Further, "it is well settled that the drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order . . . is appropriate only where the moving party conclusively demonstrates that the non-disclosure was willful, contumacious or due to bad faith" (McGilvery v New York City Tr. Auth., 213 AD2d 322, 324 [1st Dept 1995]). Even if the proffered excuse is less than compelling, there is a strong preference in our law that matters be decided on their merits (see Catarine v Beth Israel Med. Ctr., 290 AD2d 213, 215 [1st Dept 2002]). Supreme Court correctly found that defendants fail to demonstrate that an order of dismissal or preclusion was warranted by the record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021