Christopulos v Christopulos (2022 NY Slip Op 04711)

Christopulos v Christopulos

2022 NY Slip Op 04711

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-02835
 (Index No. 705015/14)

[*1]Gregory Christopulos, respondent,
v
Katherine Christopulos , etc., et al., defendants, Nicholas Spyreas, appellant.

Nicholas Spyreas, Greenwich, Connecticut, appellant pro se.
The Dweck Law Firm LLP, New York, NY (Jack S. Dweck and Christopher S. Fraser of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting and to cancel a notice of mechanic's lien, the defendant Nicholas Spyreas appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered January 28, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was to vacate the plaintiff's note of issue, and granted the plaintiff's motion to strike that defendant's answer for failure to provide certain discovery as directed by a conditional order of the same court entered July 27, 2018.
ORDERED that the order entered January 28, 2019, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion to strike the answer of the defendant Nicholas Sypreas for failure to provide certain discovery as directed by a conditional order of the same court entered July 27, 2018, and substituting therefor a provision denying that motion; as so modified, the order entered January 28, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, for an accounting and to cancel a mechanic's lien, against his sister, Katherine Christopulos, her husband, Nicholas Spyreas, and another defendant. After the plaintiff filed a note of issue, Spyreas moved, inter alia, to strike it, contending that discovery was not complete. The plaintiff cross-moved, inter alia, to strike Spyreas' answer pursuant to CPLR 3126 for failure to comply with discovery. In an order entered July 27, 2018, the Supreme Court granted that branch of the plaintiff's cross motion which was to strike Spyreas's answer pursuant to CPLR 3126, unless he responded to certain discovery demands served by the plaintiff by September 10, 2018. Although Spyreas served documents in response to the plaintiff's discovery demands, the plaintiff moved to strike his answer for failure to comply with the July 27, 2018 conditional order, contending that the documents were nonresponsive to the discovery demands. In an order entered January 28, 2019, the court determined that Spyreas's discovery responses were inadequate and noncompliant, granted the plaintiff's motion to strike, and denied that branch of his motion which was to vacate the note of issue. Spyreas appeals.
CPLR 3126 provides that if a party "refuses to obey an order for disclosure or wilfully [*2]fails to disclose the information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusal as are just" (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880). It is within the court's discretion to determine the nature and degree of the penalty to be imposed (see id. at 880; Williams v Suttle, 168 AD3d 792, 793). Notwithstanding this, "the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845; see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021, 1022-1023). Here, it is evident from Spyreas's inartful pro se response to the plaintiff's discovery demands that his failure to supply responsive documentation to some of those demands was because such documents were either not in his possession or do not exist. Consequently, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to strike Spyreas's answer on the ground that Spyreas's discovery responses were inadequate and noncompliant.
Nevertheless, the Supreme Court properly denied that branch of Spyreas's motion which was to strike the note of issue (see Ireland v GEICO Corp., 2 AD3d 917, 918).
The plaintiff's remaining contention is without merit.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court