Matter of Maseto v A.O. Smith Corp. (2022 NY Slip Op 06557)

Matter of Maseto v A.O. Smith Corp.

2022 NY Slip Op 06557

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 190209/19 Appeal No. 16699 Case No. 2021-04245 

[*1]In the Matter of New York City Asbestos Litigation Ernest Maseto, etc., Plaintiff-Respondent,
v
A.O. Smith Corporation et al., Defendants, Burnham LLC, Defendant-Appellant.

Clyde & Co US LLP, New York (Peter J. Dinunzio of counsel), for appellant.
Simmons Hanly Conroy LLC, New York (John B. Wetmore of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered April 27, 2021, which denied defendant Burnham LLC's motion to vacate a ruling of the Special Master, dated May 5, 2020, directing it to appear for deposition on issues concerning punitive damages, and confirmed the ruling, unanimously affirmed, without costs.
According to the case management order (CMO) entered June 26, 2017 — which remains the CMO governing New York City Asbestos Litigation (NYCAL) — "Where plaintiff asserts a punitive damages claim against a defendant, . . . defendant shall answer plaintiff['s] standard interrogatories and document requests seeking information related to punitive damages" (NY St Cts Elec Filing [NYSCEF] Doc No. 1, case management order at 17, in Matter of New York City Asbestos Litig. [All NYCAL Cases], Sup Ct, NY County, index No. 782000/2017, affd 159 AD3d 576 [1st Dept 2018], appeal dismissed 32 NY3d 945 [2018]). In addition, "no later than immediately prior to the commencement of jury selection, defendant shall provide plaintiff with reliable financial disclosure" (id. at 38). The CMO also appoints a Special Master, who is charged with supervising compliance with discovery, including the "adequacy of the plaintiffs' and defendants' responses to standard interrogatories, production of documents, expert disclosure, the conduct of depositions, and other discovery disputes that may arise" (id. at 2-3). Plaintiffs may only depose defendants beyond prior depositions taken in NYCAL cases "upon stipulation of the parties or application to the Special Master" (id. at 21).
The Special Master providently exercised her discretion in directing Burnham to appear for deposition on punitive damages-related issues after finding that Burnham's responses to plaintiffs' standard punitive damages interrogatories were inadequate; the motion court likewise providently exercised its discretion in confirming that recommendation (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Burnham's reliance on authority in non-asbestos or -toxic tort cases holding that discovery on punitive damages should await a finding that it is, in fact, liable to plaintiff for punitive damages (e.g. Suozzi v Parente, 161 AD2d 232 [1st Dept 1990]; Prior v Brown Transp. Corp., 103 AD2d 1042 [4th Dept 1984]) is misplaced, given the exceptional needs of asbestos cases and litigants, which justified the CMO and its deviations, where necessary, from the CPLR in the first place (see Matter of New York City Asbestos Litig. [All NYCAL Cases], 159 AD3d at 576-577).
Nor did the Special Master's recommendation contravene the CMO. The Special Master was well within her discretion to direct Burnham to appear for deposition upon finding that its responses to plaintiff's standard punitive damages interrogatories were inadequate (see generally CPLR 3126).
Burnham's remaining argument that the Special Master's ruling, confirmed by the motion court, deprives [*2]it of due process of law and the equal protection of the laws is improperly raised for the first time on appeal (see e.g. Matter of Dailey v City of New York, 301 AD2d 439, 440 [1st Dept 2003]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022