McNierney v Archdiocese of N.Y. (2023 NY Slip Op 05792)

McNierney v Archdiocese of N.Y.

2023 NY Slip Op 05792

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 950415/20 Appeal No. 1049 Case No. 2023-03475 

[*1]Sean McNierney, Plaintiff-Respondent,
v
Archdiocese of New York, Defendant-Appellant, St. Thomas Aquinas Church, Defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Pfau Cochran Vertetis Amala PLLC, New York (Mallory C. Allen of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered June 23, 2023, which granted plaintiff's motion to compel discovery from defendant Archdiocese of New York, unanimously affirmed, with costs.
The motion court providently exercised its discretion in granting plaintiff's motion to compel disclosure of information related to plaintiff's claims of negligent hiring, training, and supervision of a priest who was under the control of the Archdiocese of New York and who allegedly sexually abused plaintiff on multiple occasions in 1976 (see generally Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Plaintiff demonstrated that the information sought could be useful as evidence-in-chief, in rebuttal or for cross-examination (see generally CPLR 3101 [a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1986]). Plaintiff's discovery requests, as the motion court found, were proper insofar as they sought any documents or information, regardless of when created or gathered, that shed light on what the Archdiocese knew or should have known regarding the accused priest's alleged sexual abuse of children both at the time of plaintiff's alleged abuse and prior to such time. The demands were also proper in seeking information about the Archdiocese's response to child abuse claims during that time frame and whether there was a patterned response. The requested discovery was specific and not founded upon hypotheticals, nor could it be characterized as a fishing expedition.
Moreover, the requested discovery was permitted by the case management order in place, since plaintiff had demonstrated that documents prepared after the last date of plaintiff's reported sexual abuse were likely to contain material and necessary information as to the claims at issue. The Archdiocese did not demonstrate that the information sought implicated Canon Law or sacramental issues as might give rise to a First Amendment issue. The burden rested with the Archdiocese to demonstrate that the discovery sought was improper, including whether plaintiff was seeking protected confidential information (see Matter of All Plaintiffs in Child Victims Act NYC Litig. v All Defendants in Child Victims Act NYC Litig., 200 AD3d 476, 479 [1st Dept 2021]).
The record supports a finding that the Archdiocese did not meet that burden.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023