CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC (2024 NY Slip Op 02274)

CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC

2024 NY Slip Op 02274

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 653277/18, 652092/18 Appeal No. 2154-2155&M-1764 Case No. 2023-06741, 2023-06742 

[*1]CWCapital Cobalt VR Ltd., Respondent,
v
CWCapital Investments LLC et al., Defendants, Greystone Servicing Company LLC et al., Nonparty Appellants.
CWCapital Investments LLC, Plaintiff,
v
CWCapital Cobalt VR Ltd., Defendant-Respondent, Greystone Servicing Company LLC et al., Nonparty Appellants.

Duane Morris LLP, New York (Brian J. Slipakoff of counsel) and Duane Morris LLP, Chicago, IL (Paul E. Chronis, of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Jonathan E. Pickhardt of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about December 3, 2023, which, insofar as appealed from as limited by the briefs, denied the motion of nonparties Greystone Servicing Company LLC, Keybank National Association, Midland Loan Services, Situs Holdings, LLC, and Torchlight Loan Services, LLC's to reverse the order of the discovery Referee (Steven M. Gold, Ref.), dated August 23, 2023, which granted plaintiff CWCapital Cobalt VR Ltd.'s motion to compel their compliance with its subpoenas, unanimously affirmed, without costs.
Commercial Division rule 11 does not alter the general standard for a motion to compel compliance with a subpoena, which the motion court properly applied (see generally CPLR 3101[a][4]; Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). The motion court providently exercised its discretion in granting the motion to compel, and there is no basis for this Court to substitute its judgment to reach a different result (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). The nonparty special servicers' fee-sharing agreements are relevant both to the question of breach (as evidence of industry standards) and damages (as evidence of the terms other special servicers were providing during the relevant period). The existing discovery, even when coupled with the knowledge of plaintiff and its experts, does not obviate the need for this discovery. At any rate, "[s]ection 3101(a)(4) imposes no requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source" (Kapon, 23 NY3d at 38). Production of the fee-sharing agreements will not be unduly burdensome. The subpoenas are narrowly tailored and implicate only about 200 documents. Although the subpoenas require the sharing of confidential and commercially sensitive pricing information by nonparties with their competitors, the servicers' confidentiality concerns are effectively addressed by the Court's protective order. That order limits distribution of the fee-sharing agreements to outside litigation counsel, expert witnesses, the Court, and relevant support staff; limits their use to the instant litigation; and allows for their anonymization and redaction. M-1764 - CWCapital Cobalt VR Ltd. V CWCapital Invs., et al. Motion to take judicial notice of certain documents, denied. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024