Continuum Energy Tech., LLC v Iron Oak, Inc. (USA) (2025 NY Slip Op 01711)

Continuum Energy Tech., LLC v Iron Oak, Inc. (USA)

2025 NY Slip Op 01711

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 657219/21 595270/22|Appeal No. 3948-3949|Case No. 2024-02228 2024-06637|

[*1]Continuum Energy Technologies, LLC, et al., Plaintiffs-Respondents,
v
Iron Oak, Inc. (USA), et al., Defendants-Appellants, Visualise Holdings Ltd., et al., Defendants. [And A Third-Party Action] 

White & Williams LLP, New York (Stuart J. Wells of counsel), for appellants.
Robins Kaplan LLP, New York (Lauren Coppola of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about March 1, 2024, which, to the extent appealed from, granted plaintiffs' motion for discovery sanctions, unanimously affirmed, with costs. Order, same court and Justice, entered on or about September 16, 2024, which awarded plaintiffs $75,000 in attorneys' fees and costs, unanimously affirmed, with costs.
The court did not abuse its discretion by sanctioning defendants Iron Oak, Inc. (USA), formerly Iron Oak LLC, CETech Holding Ltd., and Rajiv Gosain (the Iron Oak defendants) (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013]). Plaintiffs served discovery requests in February 2022. The Iron Oak defendants' responses were due the following month, but they did not respond until October 31, 2022, after regular business hours, with a "data dump." In addition, the Iron Oak defendants violated the July 2022 preliminary conference order, which required them to respond by October 14, 2022.
We do not consider the Iron Oak defendants' argument, made for the first time in their appellate reply brief, that the court should have denied plaintiffs' motion because they failed to submit an affirmation of good faith pursuant to 22 NYCRR 202.7.
The court did not improvidently exercise its discretion by awarding $75,000, as opposed to the $308,886.90 that plaintiffs requested or the $30,000 that the Iron Oak defendants contend is appropriate (see generally JK Two LLC v Garber, 171 AD3d 496 [1st Dept 2019]; Zacharius v Kensington Publ. Corp., 167 AD3d 452, 453 [1st Dept 2018]).
We decline plaintiffs' request to strike the Iron Oak defendants' pleadings. Their appeal was not frivolous (see generally De Vito v Yeh, 231 AD3d 406, 407 [1st Dept 2024]; Talos Capital Designated Activity Co. v 257 Church Holdings LLC, 226 AD3d 414, 416 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025