■ INTERNATIONAL BUSINESS MACHINES CORP., Respondent, v MURPHY & O'CONNELL, Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 28, 1990, which denied defendant's motion for an order vacating a default judgment entered on September 21, 1989 against it in the total sum of $29,116.73, unanimously affirmed, without costs.

Plaintiff commenced this action to recover amounts allegedly owed it by the defendant law firm under a lease arrangement for a photocopying machine. The action was commenced by service of a summons with notice on the defendant.

In response to the summons with notice, defendant did not serve a demand for a complaint as required by CPLR 320 (a) and 3012 (b). Rather, defendant served an answer which consisted of a blank "Blumberg" form, with several blank spaces, which served as a general denial, but failed to plead the defense of lack of personal jurisdiction as required by

CPLR 3211 (e). The answer was rejected by IBM for failure to comply with CPLR 320 (a) and 3012 (b). Thereafter, IBM successfully moved in September 1989 for a default judgment based upon the defendant's failure to appear.

The failure to raise the defense of lack of personal jurisdiction in a responsive pleading constitutes a waiver of the defense (CPLR 3211 [e]), even where service of process is obviously defective. *(See, DeAngelis v Friedman,* 46 AD2d 66, *appeal dismissed* 38 NY2d 737.) The defendant served an answer, which at best constituted a general denial, and in which the defense of lack of personal jurisdiction was not asserted. Thus, even though the defendant's claims based on alleged defects in service may raise a question of fact as the hearing court suggested, they are ineffectual, given the valid waiver.

In order to vacate a default judgment pursuant to CPLR 5015 (a) (1), a defendant must demonstrate a meritorious defense to the cause of action together with a reasonable excuse for his failure to appear *(Boorman v Deutsch,* 152 AD2d 48, 51, *lv dismissed* 76 NY2d 889). Defendant relies on the rule that a motion predicated on lack of personal jurisdiction need not assert a meritorious defense because a judgment entered without obtaining either jurisdiction over the person of the defendant or a waiver of the issue of personal jurisdiction is ineffective and voidable. *(Supra.)* Here, we agree that no meritorious defense was set forth.

Here, there was a waiver of the jurisdictional defense. While the timeliness of the service of defendant's answer arguably raises a question of fact, plaintiff's evidence that the summons was served on June 16, 1989 created a presumption that service was effected on that date *(Quantum Heating Servs. v Austern,* 100 AD2d 843), which was not rebutted by the defendant's unsupported denial *(see, Bloom v Kernan,* 146 AD2d 916, 918). Concur—Milonas, J. P., Ross, Kassal, Smith and Rubin, JJ.