OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 At issue is the dismissal of a complaint against defendant Honda Motor Co., Inc. for plaintiffs failure to respond to Honda’s interrogatories within court-ordered time frames. We conclude that the trial court did not abuse its discretion in dismissing the complaint, and affirm the Appellate Division order so holding.
 

 On July 26, 1995, plaintiff commenced a damages action for personal injuries arising out of a one-car accident six months earlier. Alleging that she was a passenger in a Honda that skidded off a Nassau County roadway in the Town of Oyster Bay, plaintiff sued the driver, Karl O. Pfeffer, as well as Honda, the County and the Town. As against Honda she claimed negligence, breach of express and implied warranties, strict products liability and failure to warn in connection with the automobile and its component parts, including the seat belts. Honda responded with a general denial, cross-claims and a host of discovery requests, including demands for expert witness disclosure, collateral source information, no-fault authorizations, medical information and certain records.
 

 On March 18, 1996, the parties convened before the court for a preliminary conference, resulting in an extensive Preliminary Conference Order fixing specific dates for discovery, to be completed within six months. The order was consented to by each party and signed by the Trial Judge. Most pertinently, the order required plaintiff to respond to Honda’s interrogatories “within 30 days following receipt of same.” That very day Honda served plaintiff with its “First Set of Interrogatories”— 34 pages, 92 questions. Having had no response, on September
 
 *121
 
 13, 1996 — roughly five months beyond the response date fixed by the Preliminary Conference Order — Honda moved to strike the complaint and dismiss plaintiff’s claims against it, or to compel responses within 10 days. Honda alleged that without specificity as to the claimed defect in the automobile it could not adequately prepare its defense. Plaintiff’s counsel submitted an affidavit opposing the motion, and that same day— December 10, 1996 — served its responses to Honda’s interrogatories.
 

 Honda, however, persisted in seeking dismissal of the complaint, portraying plaintiff’s responses as “woefully inadequate and totally unresponsive in clear violation of the Court’s Order.” In particular, Honda claimed that responses 43 through 56 offered no clue as to the claimed defect in the car. Interrogatory 43, for example, seeking specificity as to the purported design defect, was answered “Defective design: Plaintiff alleges a defective design in the automobile, seatbelt and the seatbelt mechanisms and reserve their right to supplement this response prior to trial.” Nearly identical responses followed with respect to the request for specificity as to failure to warn (Interrogatory 44), failure to inspect (Interrogatory 45), improper marketing and advertising (Interrogatory 46) and the defect that exacerbated plaintiff’s injuries (Interrogatory 47).
 

 By order dated March 31, 1997, the Trial Judge granted Honda’s motion to dismiss the complaint for failure to comply with the Preliminary Conference Order unless plaintiff served further answers to interrogatories 43 through 56 within 20 days after service of a copy of the order on plaintiff’s counsel. The court held that plaintiff’s answers were “not responsive, lack any reasonable detail and improperly reserve the right to provide answers at a later time.”
 

 Honda’s Order with Notice of Entry, indicating service by mail on all other parties at their correct addresses, is dated June 6, 1997, and stamped “Filed” by the Nassau County Clerk on June 16, 1997. The Jurat on Honda’s Affidavit of Service, however, reads “Sworn to before me this 6th day of April, 1997.” During the month of June 1997, counsel for Honda twice wrote to plaintiff’s counsel referencing the Trial Judge’s order, the first letter beginning: “As you are now undoubtedly aware, Judge Kutner has ordered that plaintiff supplement [her] discovery responses.” Nevertheless, plaintiff’s counsel claimed the March 31, 1997 order was not actually served, as repre
 
 *122
 
 sented, on June 6, 1997. Plaintiff made no further responses to Honda’s interrogatories within 20 days after June 6, 1997.
 
 *
 

 On October 20, 1997, the Trial Judge issued an order reserving decision on Honda’s motion to strike the complaint until it received an explanation of when Honda served the court’s March 31, 1997 order. Plaintiff’s counsel, who was on vacation during the entire month of June, then submitted two affidavits — one from his partner who reviewed his mail during June, the second from his secretary who opened his mail— asserting that they did not see the March 31, 1997 order in the June mail. Honda responded with two affidavits of its own, the first from the secretary who mailed the Order with Notice of Entry and prepared the Affidavit of Service, attesting that “April” was her typographical error; the second affidavit — to the same effect — was from the Notary Public who signed the Jurat.
 

 On February 9, 1998, the Trial Judge granted Honda’s motion to strike the complaint, noting that the court found Honda’s explanation for the discrepancy in dates on the Affidavit of Service reasonable. The Appellate Division affirmed, with two Justices dissenting on the ground that a hearing was required to resolve the question of fact regarding service of the March 31, 1997 order. The double dissent on an issue of law brought the case to this Court (CPLR 5601 [a]).
 

 Three familiar propositions of law resolve this appeal in Honda’s favor.
 
 First,
 
 service of papers on an attorney is complete upon mailing (CPLR 2103 [b] [2]).
 
 Second,
 
 a properly executed affidavit of service raises a presumption that a proper mailing occurred, and a mere denial of receipt is not enough to rebut this presumption
 
 (Engel v Lichterman,
 
 62 NY2d 943, 944-945). Here, the denials of receipt by persons who reviewed plaintiffs lawyer’s June mail were insufficient to create an issue of fact requiring a hearing.
 
 Third,
 
 when a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is well within the Trial Judge’s discretion to dismiss the complaint
 
 (Zletz v Wetanson,
 
 67 NY2d 711, 713).
 

 Regrettably, it is not only the law but also the scenario that is all too familiar
 
 (see, e.g., Tewari v Tsoutsouras,
 
 75 NY2d 1, 10-11;
 
 Reynolds Sec. v Underwriters Bank & Trust Co.,
 
 44 NY2d 568, 571-572;
 
 Laverne v Incorporated Vil. of Laurel Hol
 
 
 *123
 

 low,
 
 18 NY2d 635, 637,
 
 appeal dismissed
 
 386 US 682). If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity. Indeed, the Legislature, recognizing the need for courts to be able to command compliance with their disclosure directives, has specifically provided that a “court may make such orders * * * as are just,” including dismissal of an action (CPLR 3126). Finally, we underscore that compliance with a disclosure order requires both a timely response and one that evinces a good-faith effort to address the requests meaningfully.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.
 

 *
 

 On July 23, 1997, plaintiff belatedly served additional responses to Honda’s interrogatories. Honda asserts that plaintiff’s responses are still inadequate.