■ PATRICIA GARCIA, Appellant, v CITY OF NEW YORK, Re-spondent. [774 NYS2d 173]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated March 10, 2003, which denied her mo-tion, in effect, to enforce a self-executing order of the same court dated October 13, 2000, striking the defendant's answer upon noncompliance with discovery.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff alleged that she sustained personal injuries when she tripped and fell on a defective sidewalk owned and main-tained by the defendant City of New York. By order dated October 13, 2000, the Supreme Court directed the City to

comply with an order dated July 9, 1999, directing it to provide the name and address of the entity that installed the subject sidewalk. The order dated October 13, 2000, further provided that the answer would be stricken in the event that it did not, within 45 days, comply therewith. In the only response which the City provided—shortly before the expiration of the 45-day period—the City stated as follows: "Sidewalk Installer's Name—Unknown at this time. When it becomes known to the City same will be exchanged with plaintiff." The defendant did not at any point thereafter disclose the requested information.

The defendant's "response" did not evince a good-faith effort to address the request meaningfully and thus did not constitute compliance with the order (see Kihl v Pfeffer, 94 NY2d 118, 123 [1999]). Therefore, the order dated October 13, 2000, became unconditional, the answer was stricken, and the Supreme Court should have granted the plaintiff's motion. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.