OPINION OF THE COURT
Arthur M. Schack, J.
In this foreclosure action, plaintiff, Citibank, N.A. as Trustee for Certificateholders of Bear Stearns Asset Backed Securities Trust 2007-SD3, Asset Backed Certificates, Series 2007-SD3 (CITI), moved for an order of reference and related relief for the premises located at 41 Hill Street, Brooklyn, New York (block 4165, lot 40, County of Kings). For the court to consider the motion for an order of reference, I ordered plaintiffs counsel, Steven J. Baum, EC., on November 4, 2010, to comply with the October 20, 2010 administrative order of Chief Administrative Judge Ann T. Pfau, and concluded:
“Accordingly, it is ordered, that plaintiff CITIBANK, N.A. AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES TRUST 2007-SD3, ASSET BACKED CERTIFICATES, SERIES 2007-SD3’s motion for an order of reference and related relief for the premises located at 41 Hill Street, Brooklyn, New York (Block 4165, Lot 40, County of Kings) and the instant foreclosure action will be dismissed with prejudice, unless, within sixty (60) days from this decision and order, counsel for plaintiff, CITIBANK, N.A. AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES TRUST 2007-SD3, ASSET BACKED CERTIFICATES, SERIES 2007-SD3, complies with the new Rule, promulgated by the Chief Administrative Judge Ann T. Pfau on October 20, 2010, by submitting an affirmation, to my Chambers (not the Foreclosure Department), 360 Adams Street, Room 478, Brooklyn, NY 11201, using the new standard Court form, pursuant to CPLR Rule 2106 and under the penal *936 ties of perjury, that counsel for plaintiff, CITIBANK, N.A. AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES TRUST 2007-SD3, ASSET BACKED CERTIFICATES, SERIES 2007-SD3: has personally reviewed plaintiff’s documents and records in the instant action; confirms the factual accuracy of plaintiffs court filings; and, confirms the accuracy of the notarizations in plaintiffs documents.”
Today is 64 days since I issued my November 4, 2010 order and 79 days since Chief Administrative Judge Pfau issued her administrative order with respect to plaintiffs counsel confirming, in foreclosure actions, the factual accuracy of plaintiffs court filings and notarizations. I have not received the twice ordered affirmation from plaintiffs counsel. Therefore, for violation of these orders, the instant foreclosure action is dismissed with prejudice and the notice of pendency is cancelled and discharged.
Moreover, plaintiffs counsel, in a letter dated December 29, 2010, requested “a 60 day extension of the time to submit the newly required Attorney Affirmation.” Counsel did not present any reason why it needs more time. With the absence of any reasonable excuse for this request, the court will not tolerate the disregard of court-ordered deadlines.
Discussion
The Office of Court Administration issued a press release on October 20, 2010 explaining the reasons for the administrative order issued that day by Chief Administrative Judge Pfau. It stated:
“The New York State court system has instituted a new filing requirement in residential foreclosure cases to protect the integrity of the foreclosure process and prevent wrongful foreclosures. Chief Judge Jonathan Lippman today announced that plaintiffs counsel in foreclosure actions will be required to file an affirmation certifying that counsel has taken reasonable steps — including inquiry to banks and lenders and careful review of the papers filed in the case — to verify the accuracy of documents filed in support of residential foreclosures. The new filing requirement was introduced by the Chief Judge in response to recent disclosures by major mortgage lenders of significant insufficiencies — including *937 widespread deficiencies in notarization and ‘robosigning’ of supporting documents — in residential foreclosure filings in courts nationwide. The new requirement is effective immediately and was created with the approval of the Presiding Justices of all four Judicial Departments.” (Available at http:// www.nycourts.gov/press/pr2010_12.shtml.)
Chief Judge Lippman said,
“We cannot allow the courts in New York State to stand by idly and be party to what we now know is a deeply flawed process, especially when that process involves basic human needs — such as a family home — during this period of economic crisis. This new filing requirement will play a vital role in ensuring that the documents judges rely on will be thoroughly examined, accurate, and error-free before any judge is asked to take the drastic step of foreclosure.” (Id. [emphasis added]; see Gretchen Morgenson and Andrew Martin, Big Legal Clash on Foreclosure is Taking Shape, New York Times, Oct. 21, 2010; Andrew Keshner, New Court Rule Says Attorneys Must Verify Foreclosure Papers, NYLJ, Oct. 21, 2010.)
The failure of plaintiffs counsel, Steven J. Baum, EC., to comply with two court orders, my November 4, 2010 order and Chief Administrative Judge Pfau’s October 20, 2010 order, demonstrates delinquent conduct by Steven J. Baum, PC. This mandates the dismissal with prejudice of the instant action. Failure to comply with court-ordered time frames must be taken seriously. It cannot be ignored. There are consequences for ignoring court orders. Recently, on December 16, 2010, the Court of Appeals, in Gibbs v St. Barnabas Hosp. (16 NY3d 74, 81 [2010]), instructed:
“As this Court has repeatedly emphasized, our court system is dependent on all parties engaged in litigation abiding by the rules of proper practice (see e.g. Brill v City of New York, 2 NY3d 648 [2004]; Kihl v Pfeffer, 94 NY2d 118 [1999]). The failure to comply with deadlines not only impairs the efficient functioning of the courts and the adjudication of claims, but it places jurists unnecessarily in the position of having to order enforcement remedies to respond to the delinquent conduct of members of the bar, often to the detriment of the litigants they represent. Chronic noncompliance with deadlines breeds disre *938 spect for the dictates of the Civil Practice Law and Rules and a culture in which cases can linger for years without resolution. Furthermore, those lawyers who engage their best efforts to comply with practice rules are also effectively penalized because they must somehow explain to their clients why they cannot secure timely responses from recalcitrant adversaries, which leads to the erosion of their attorney-client relationships as well. For these reasons, it is important to adhere to the position we declared a decade ago that ‘[i]f the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity’ (Kihl, 94 NY2d at 123).” (Emphasis added.)
“Litigation cannot be conducted efficiently if deadlines are not taken seriously, and we make clear again, as we have several times before, that disregard of deadlines should not and will not be tolerated (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill v City of New York, 2 NY3d 648 [2004]; Kihl v Pfeffer, 94 NY2d 118 [1999])” (Andrea v Amone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 521 [2005] [emphasis added]).
“As we made clear in Brill, and underscore here, statutory time frames — like court-ordered time frames (see Kihl v Pfeffer, 94 NY2d 118 [1999]) — are not options, they are requirements, to be taken seriously by the parties. Too many pages of the Reports, and hours of the courts, are taken up with deadlines that are simply ignored.” (Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726-727 [2004][emphasis added].)
Further, the dismissal of the instant foreclosure action requires the cancellation of the notice of pendency. CPLR 6501 provides that the filing of a notice of pendency against a property is to give constructive notice to any purchaser of real property or encumbrancer against real property of an action that “would affect the title to, or the possession, use or enjoyment of, real property, except in a summary proceeding brought to recover the possession of real property.” The Court of Appeals, in 5303 Realty Corp. v O & Y Equity Corp. (64 NY2d 313, 319 [1984]), commented that “[t]he purpose of the doctrine was to assure that a court retained its ability to effect justice by *939 preserving its power over the property, regardless of whether a purchaser had any notice of the pending suit,” and that “the statutory scheme permits a party to effectively retard the alien-ability of real property without any prior judicial review.” (Id. at 320.)
CPLR 6514 (a) provides for the mandatory cancellation of a notice of pendency by:
“The court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512; or if the action has been settled, discontinued or abated; or if the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 551.” (Emphasis added.)
The plain meaning of the word “abated,” as used in CPLR 6514 (a), is the ending of an action. “Abatement” is defined as “[t]he act of eliminating or nullifying.” (Black’s Law Dictionary 3 [7th ed 1999].) “An action which has abated is dead, and any further enforcement of the cause of action requires the bringing of a new action, provided that a cause of action remains (2A Carmody-Wait 2d § 11.1).” (Nastasi v Nastasi, 26 AD3d 32, 40 [2d Dept 2005] [internal quotation marks omitted].) Further, Nastasi held that the
“ [cancellation of a notice of pendency can be granted in the exercise of the inherent power of the court where its filing fails to comply with CPLR 6501 (see 5303 Realty Corp. v O & Y Equity Corp., supra at 320-321; Rose v Montt Assets, 250 AD2d 451, 451-452 [1998]; Siegel, NY Prac § 336 [4th ed]).” (Id. at 36.)
Thus, the dismissal of the instant complaint must result in the mandatory cancellation of plaintiff CITI’s notice of pendency against the subject property “in the exercise of the inherent power of the court.”
Conclusion
Accordingly, it is ordered, that the instant action, index No. 16214/08, is dismissed with prejudice; and it is further ordered that the notice of pendency in this action, filed with the Kings County Clerk on June 5, 2008, by plaintiff, Citibank, N.A. as Trustee for Certificateholders of Bear Stearns Asset Backed Se- *940 entities Trust 2007-SD3, Asset Backed Certificates, Series 2007-SD3, to foreclose on a mortgage for real property located at 41 Hill Street, Brooklyn, New York (block 4165, lot 40, County of Kings), is cancelled and discharged.