U.S. BANK NATIONAL ASSOCIATION, Respondent, v LENNON A. THOMAS, Appellant, et al., Defendants. [65 NYS3d 695]—

Appeal from unsigned and unentered judgment, Supreme Court, Bronx County (John A. Barone, J.), deemed appeal from order, same court and Justice, entered March 17, 2014, which granted plaintiff's motion for a final judgment of foreclosure and sale, and denied defendant-appellant's motion to dismiss this action on the basis that plaintiff lacks standing, and, so considered, said order unanimously affirmed, without costs.

Because defendant failed to timely raise defenses based on service of process and standing in an answer or pre-answer motion to dismiss, those defenses are waived (CPLR 3211 [e]; *International Bus. Machs. Corp. v Murphy & O'Connell*, 172 AD2d 157, 158 [1st Dept 1991], *appeal dismissed* 78 NY2d 908 [1991] [service of process]; *Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 280-281 [1st Dept 2006], *appeal dismissed* 8 NY3d 837 [2007] [standing]).

In any event, the affidavit of service of the summons and complaint on defendant constitutes prima facie evidence of proper service, which defendant failed to rebut with anything more than conclusory denials of receipt (*Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Grinshpun v Borokhovich*, 100 AD3d 551, 552 [1st Dept 2012], *lv denied* 21 NY3d 857 [2013]).

Plaintiff has demonstrated that it has standing by providing the affidavit of Marc Hinkle, a vice president of the mortgage loan servicer, affirming that plaintiff was the owner and holder of the note and mortgage at the commencement of this action (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]).

Defendant's failure to move to vacate the default judgment against him also precludes his success on this appeal. Any such motion would be time-barred (CPLR 5015 [a] [1]), and defendant has not attempted to show that he has a justifiable excuse for his default and a meritorious defense to this foreclosure action (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.