Rizzo v Rizzo (2019 NY Slip Op 07429)





Rizzo v Rizzo


2019 NY Slip Op 07429


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-02930
 (Index No. 50408/11)

[*1]Lynn Rizzo, respondent,
v
Christopher Rizzo, appellant.


Ray, Mitev & Associates, LLP, Miller Place, NY (Vesselin Mitev of counsel), for appellant.
Anthony M. Bramante, Brooklyn, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Richmond County (Hemalee J. Patel, Ct. Atty. Ref.), dated January 31, 2017. The order, insofar as appealed from, denied, without a hearing, the defendant's motion, inter alia, in effect, to direct the plaintiff to serve on him a copy of the parties' judgment of divorce with notice of entry.
ORDERED that the order is affirmed insofar as appealed from, with costs.
We agree with the Supreme Court's determination denying the defendant's motion, inter alia, in effect, to direct the plaintiff to serve on him a copy of the parties' judgment of divorce with notice of entry or, in the alternative, a hearing on service. In opposition to the motion, the plaintiff submitted an affidavit demonstrating that service of the judgment of divorce with notice of entry on the defendant had occurred. The affidavit of service raised a presumption that the judgment of divorce with notice of entry was properly mailed to and received by the defendant (see Engel v Lichterman, 62 NY2d 943, 944; Flushing Sav. Bank, FSB v Colmar Realty, LLC, 121 AD3d 1040, 1041). The defendant's mere denial of receipt is insufficient to rebut this presumption of mailing or to raise a question of fact entitling him to a hearing (see Kihl v Pfeffer, 94 NY2d 118, 122; Flushing Sav. Bank, FSB v Colmar Realty, LLC, 121 AD3d at 1041).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.

2017-02930 DECISION & ORDER ON MOTION
Lynn Rizzo, respondent,
v Christopher Rizzo, appellant.
(Index No. 50408/11)

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Richmond County, dated January 31, 2017, for failure to include a properly settled transcript in the record. By decision and order on motion of this Court dated December 21, 2017, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is denied.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court