HSBC Bank USA, N.A. v Branker (2019 NY Slip Op 08555)





HSBC Bank USA, N.A. v Branker


2019 NY Slip Op 08555


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00586
 (Index No. 3834/13)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Alison L. Branker, etc., et al., defendants, Vista Holding, LLC, respondent.


Hogan Lovells US LLP, New York, NY (Lisa J. Fried, Christian Fletcher, and Heather R. Gushue of counsel), for appellant.
Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for respondent.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated November 30, 2016. The order, insofar as appealed from, granted the cross motion of the defendant Vista Holding, LLC, pursuant to CPLR 3126 to strike the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2013, the plaintiff commenced this action against, among others, the defendant Vista Holding, LLC (hereinafter the defendant). The defendant interposed an answer asserting various affirmative defenses. In January 2014, the plaintiff, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated June 4, 2014, the Supreme Court summarily denied the plaintiff's motion. The plaintiff filed a notice of appeal from the June 4, 2014, order, but then failed to perfect the appeal, resulting in its dismissal. In October 2014, the plaintiff moved for leave to reargue its motion for summary judgment. In an order dated March 11, 2015, the court granted reargument and, upon reargument, adhered to its prior determination. The plaintiff filed a notice of appeal from the March 11, 2015, order, but then withdrew the appeal.
In a notice for discovery and inspection dated September 17, 2015, the defendant sought certain documents from the plaintiff. The plaintiff objected to the requests on the grounds, inter alia, that the documents sought were not relevant. In a compliance conference order dated November 4, 2015, the plaintiff was directed to fully respond to the defendant's September 17, 2015, discovery request. The order expressly found that the plaintiff's response had been inadequate and the plaintiff was required to produce the documents requested, and the order further warned that unjustified noncompliance with its terms may result in the imposition of sanctions.
The plaintiff moved by notice dated May 17, 2016, for leave to renew its prior motion for reargument of its motion for summary judgment. While that motion was pending, in a compliance conference order dated May 23, 2016, the plaintiff was directed to comply with the November 4, 2015, order and the defendant's September 17, 2015, discovery request within 45 days. [*2]The May 23, 2016, order warned that the unjustified failure to comply with its terms "will result in the striking of a pleading" (emphasis in original). Notwithstanding the plaintiff's prior objections to the requested discovery, the compliance conference order was entered on the parties' consent. The order reflects, following the warning that pleadings would be stricken in the event of a failure to comply with the order, the signature of the Judicial Hearing Officer, as well as the signatures of the parties' attorneys. The order thus reflects the explicit agreement and consent of the plaintiff's attorneys to the terms of the order.
By notice dated July 25, 2016, the defendant cross-moved pursuant to CPLR 3126 to strike the complaint based on the plaintiff's failure to comply with the two prior orders directing the plaintiff to respond to the defendant's discovery request and produce the requested documents. In an affirmation of good faith pursuant to 22 NYCRR 202.7, the defendant's attorney affirmed that he had made a good faith effort to resolve the outstanding discovery issues with the plaintiff's attorney, but the plaintiff still had not produced the requested documents. He averred that he had sent a letter to the plaintiff's counsel on November 11, 2015, asking the plaintiff to comply with the November 4, 2015, order to produce the requested documents. The defendant's attorney further averred that on May 31, 2016, he spoke with the plaintiff's attorney and confirmed that the defendant sought production of the documents identified in the defendant's September 17, 2015, discovery request, which had not been produced by the plaintiff despite the November 4, 2015, and May 23, 2016, orders. In the good faith affirmation, the defendant's attorney further stated that, following the May 31, 2016, conversation, the plaintiff had failed to provide the subject documents and, instead, had interposed an objection to the discovery demand. In an affirmation in support of the cross motion, the defendant's attorney elaborated that he had received a letter dated June 9, 2016, from the plaintiff's attorney, which maintained the objection to the discovery demand and to which was attached two documents that were not responsive to the discovery request.
The plaintiff responded to the defendant's cross motion in an attorney affirmation, submitted by an attorney different from the attorney who signed the compliance conference order, in which it was asserted that the plaintiff "maintains that its discovery objections were sufficient," but that the plaintiff had provided the two additional documents in an effort to resolve the dispute. While the plaintiff's counsel argued that the discovery sought by the defendant was irrelevant and speculated that it was unlikely that further responses would produce any additional material, the plaintiff's counsel did not dispute that her firm had, on behalf of the plaintiff, consented to providing the discovery that she was now opposing. This discrepancy was noted in the reply affirmation of the defendant's counsel, who stated that the plaintiff was objecting to discovery demands even though the plaintiff had waived its objections "when its attorney executed the Compliance Conference Order directing plaintiff to produce the documents which plaintiff refuses to produce."
In the order appealed from, dated November 30, 2016, the Supreme Court granted the defendant's cross motion pursuant to CPLR 3126 to strike the complaint and denied the plaintiff's motion for leave to renew its prior motion. The plaintiff appeals from so much of the order as granted the defendant's cross motion. It argues that the Supreme Court should have denied the cross motion because the defendant's attorney's affirmation of good faith was insufficient, the plaintiff made good-faith efforts to comply with the discovery demands, and the discovery sought was not material and necessary. We affirm the order insofar as appealed from.
We begin our analysis with two observations regarding the course that the plaintiff has charted for itself in this action.
First, the plaintiff voluntarily relinquished two opportunities to obtain appellate review of the denials of its efforts to obtain summary judgment. The plaintiff noticed an appeal from the denial of its motion for summary judgment and then failed to perfect the appeal, leading to its dismissal. The plaintiff, having succeeded in obtaining reargument of its summary judgment motion, gained the opportunity to appeal the Supreme Court's adherence to its prior determination to deny summary judgment, but the plaintiff proceeded to withdraw the appeal. Consequently, we can express no opinion on the merits of those putative appeals.
Second, while the plaintiff timely interposed objections to the defendant's discovery demands, the plaintiff voluntarily abandoned those objections when it entered into the compliance conference order in which it agreed to comply with the discovery demands notwithstanding its prior objections. It is axiomatic that a party who consents to an order cannot be considered aggrieved by it (see Matter of Harry Y., 62 AD3d 892). While there may be at least potential merit to the plaintiff's contentions that the defendant's discovery demands were overbroad, the plaintiff now cannot be heard to complain about having to comply with discovery demands which it affirmatively consented to with knowledge that unjustified noncompliance would render its pleading subject to dismissal.
Although actions should be resolved on the merits when possible (see Cruzatti v St. Mary's Hosp., 193 AD2d 579, 580), a court may strike "pleadings or parts thereof" (CPLR 3126[3]) as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of any reasonable excuse for these failures" (Smookler v Dicerbo, 166 AD3d 838, 839; see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066; Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943, 943-944). The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880; Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845; Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836; Silberstein v Maimonides Med. Ctr., 109 AD3d 812, 814). "[W]hen a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is well within the Trial Judge's discretion to dismiss the complaint" (Kihl v Pfeffer, 94 NY2d 118, 122; see Zletz v Wetanson, 67 NY2d 711, 713).
Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in granting the defendant's cross motion to strike the complaint. The willful or contumacious character of the plaintiff's conduct could be properly inferred from the repeated failures to comply with the court's orders directing the plaintiff to respond to the defendant's discovery request, the plaintiff's consent to produce the requested documents, and the plaintiff's lack of an adequate explanation for the failure to comply (see Smookler v Dicerbo, 166 AD3d at 839-840; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066; Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d at 944). In opposition to the defendant's cross motion, the plaintiff did not assert that it had even attempted to locate the subject documents. Instead, the plaintiff's counsel offered only her speculation that it was highly unlikely that additional documents would have been produced.
The plaintiff's contention that the requested documents were not material and necessary is unavailing. The plaintiff did not pursue appeals from the June 4, 2014, and March 11, 2015, orders, which determined that further documentation was necessary. The plaintiff was then directed to disclose the subject documents in two court orders, the second of which was entered on the plaintiff's consent, and which contained a warning in bold font that the failure to comply with the terms of the order "will result in the striking of a pleading." The plaintiff did not seek to be relieved of its consent to this order; in its opposition to the defendant's cross motion, the plaintiff argued that the subject discovery should not be provided, completely ignoring the plaintiff's consent to provide that very discovery.
"If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (Kihl v Pfeffer, 94 NY2d at 123; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 81). "[C]ompliance with a disclosure order requires both a timely response and one that evinces a good-faith effort to address the requests meaningfully" (Kihl v Pfeffer, 94 NY2d at 123; see CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318). This is particularly true where the discovery at issue was consented to. If the plaintiff believed that the requested documents were not material and necessary, it should have pursued its appeals of the Supreme Court's prior orders. Instead, it consented to an order directing it to produce the requested [*3]documents with a warning that the pleadings would be stricken upon failure to comply with the order.
Under these unique circumstances, we cannot say that the Supreme Court's determination to strike the pleadings was an improvident exercise of discretion (see CDR Créances S.A.S. v Cohen, 23 NY3d at 318; Kihl v Pfeffer, 94 NY2d at 123; Smookler v Dicerbo, 166 AD3d 838, 839).
Also contrary to the plaintiff's contention, the cross motion was not deficient on the ground that the defendant did not comply with 22 NYCRR 202.7. The cross motion was supported by the affirmation of the attorney for the defendant, which contained an adequate statement explaining his good-faith efforts to resolve the issues raised by the motion (see 22 NYCRR 202.7; Maliah-Dupass v Dupass, 166 AD3d 873, 874; Giordano v Giordano, 140 AD3d 699, 700).
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court