Mortgage Elecs. Registration Sys., Inc. v Mercado (2021 NY Slip Op 02755)





Mortgage Elecs. Registration Sys., Inc. v Mercado


2021 NY Slip Op 02755


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 18409-05 Appeal No. 13741N Case No. 2019-4570 

[*1]Mortgage Electronics Registration Systems, Inc., etc., Plaintiff-Appellant,
v
Carlos Mercado et al., Defendants, Rosemary Mercado, Defendant-Respondent.


Shapiro, DiCaro & Barak, LLC, Rochester (Austin T. Shufelt of counsel), for appellant.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered June 6, 2012, which granted defendant Rosemary Mercado's motion to vacate the judgment of foreclosure, unanimously reversed, on the law, without costs, and the motion denied.
In July 2005, plaintiff MERS, as nominee for Mortgage Select c/o American Home Mortgage Serving, 4600 Regent Blvd., Irving, Texas 75063, commenced this foreclosure action. Defendant Rosemary Mercado failed to answer, and, in July 2009, the motion court issued a default judgment in favor of plaintiff. In June 2010, the motion court issued a judgment of foreclosure and sale. In May 2011, the appointed referee conducted the auction and the property was sold to the highest bidder. In July 2011, defendant moved, through an order to show cause, to vacate the judgment of foreclosure and sale. In so doing, defendant argued that plaintiff lacked standing to commence the foreclosure action.
The court should not have determined that defendant was entitled to vacatur under CPLR 5015(a)(4). Pursuant to CPLR 5015(a)(4), a default must be vacated once a movant demonstrates lack of jurisdiction. As relevant here, failure to include either a defense in the answer or pre-answer motion to dismiss a cause of action waives any objection as to a plaintiff's standing or legal capacity to sue (see CPLR 3211[a][3], [e]; Mortgage Elec. Registration Sys., Inc. v Gifford, 133 AD3d 429, 430 [1st Dept 2015]; Security Pac. Natl. Bank v Evans, 31 AD3d 278, 279-280 [1st Dept 2006], lv dismissed 8 NY3d 837 [2007]).
Further, defendant is not entitled to vacatur under CPLR 5015(a)(1), because she failed to move within one year of plaintiff's service of notice of entry (see CPLR 5015[a][1]; U.S. Bank N.A. v Thomas, 156 AD3d 557, 558 [1st Dept 2017]). In any event, she failed to set forth a justifiable excuse for her default (see id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021