## 1930 Homecrest Realty LLC v City of New York

2024 NY Slip Op 30015(U)

January 3, 2024

Supreme Court, New York County

Docket Number: Index No. 155200/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

----------------------------------------------------------------------------------X

1930 HOMECREST REALTY LLC,

                               Petitioner,

                          - v -

CITY OF NEW YORK, NEW YORK CITY OFFICE OF
ADMINISTRATIVE TRIALS AND HEARINGS, THE CITY
OF NEW YORK ENVIRONMENTAL CONTROL BOARD,
NYC DEPARTMENT OF BUILDINGS

                             Respondents.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155200/2023 |
| **MOTION DATE** | 12/13/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11,
12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36,

were read on this motion to/for                        ARTICLE 78                     .

The petition to reverse two determinations by respondent that denied petitioner's request

for new hearings is denied.

**Background**

In this Article 78 proceeding, petitioner alleges that the Office of Administrative Trials

and Hearings ("OATH") acted arbitrarily when it denied petitioner's request to vacate two

default judgments. Petitioner owns property located at 221 W 70 St, New York, New York.

On September 29, 2021, a New York Fire Department inspector issued a summons

("Summons 8J") to petitioner for failing to conduct a sprinkler flow test. Summons 8J was

served via "Affix and Mail Service" wherein the inspector affixed the summons to the front door

of the property after he was unable to locate anyone who could accept service. Additionally, the

summons was mailed to petitioner at the address under which it is registered and to the location

where the inspector affixed the summons.

**155200/2023   1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 1 of 9**

[* 1]

Summons 8J notified petitioner that a hearing was scheduled for November 17, 2021 with OATH, but petitioner never appeared. OATH then issued a default decision based on petitioner's failure to appear.

On July 20, 2022, petitioner attempted to vacate the decision regarding Summons 8J, but petitioner filed the motion using the first and last name of the operating member of 1930 Homecrest Realty, LLC.  Respondent immediately requested proof that the individual had authority to make such a request; petitioner attempted to verify that the member had authority to represent petitioner but failed to submit the proper paperwork. On April 19, 2023, which was nine months after the first failed motion and well more than a year and a half after the default, petitioner filed a new motion to vacate.  Petitioner alleged that it never received the summons because the issuing agency failed to serve the summons correctly, as there is no information regarding the process server's attempts to serve the summons in person. On April 21, 2023, OATH denied the motion to vacate, providing that it had been "more than one (1) year after the date of the default decision and [petitioner] did not establish that exceptional circumstances prevented [it] from appearing" (NYSCEF Doc. No. 25).

Regarding the other challenged summons, on March 2, 2022, a fire department inspector issued a second summons ("Summons 24Z") to petitioner for failure to properly maintain extinguishers, failure to provide "all required means of egress," and failure to repair the alarm for the sprinkler system (NYSCEF Doc. No. 2 at 5). Summons 24Z was also served via "Affix and Mail Service" and provided that a hearing was scheduled for April 20, 2022. Once again, petitioner failed to appear for the hearing, and on April 27, 2022, OATH issued a default decision against petitioner.

**155200/2023   1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL**
  **Motion No.  001**

**Page 2 of 9**

2 of 9

On May 5, 2022 petitioner moved to vacate the decision regarding Summons 24Z. Because less than 75 days had passed since the issuance of the decision, the first request for a hearing was granted, and the decision was vacated. A new hearing date was issued for August 17, 2022.

The August hearing was adjourned at petitioner's request to October 19, 2022, but petitioner failed to appear for the October hearing and a default decision was issued against petitioner. On the same day, petitioner submitted another motion to vacate, claiming it was entitled to vacatur because this was still the first request (NYSCEF Doc. No. 32). OATH ultimately rejected the motion to vacate on October 31, 2022, stating that "a prior request for a new hearing was granted and you did not appear. Your second request did not establish that exceptional circumstances prevented you from appearing," (NYSCEF Doc. No. 33).

On April 19, 2023, petitioner once again moved to vacate the decision related to Summons 24Z, stating that the inspector did not serve the summons correctly. The inspector wrote that he spoke to an individual affiliated with the premises named Enrique Carrillo; however, petitioner claims that no such individual works on the premises and the inspector failed to state the relationship Mr. Carrillo had to petitioner, as service upon a random person unaffiliated with a party is defective service.

OATH rejected the motion to vacate, citing that the motion was denied on October 31, 2022, and providing that the rules require that "a denial of a request for a new hearing after default is the Tribunal's final determination and is not subject to review or appeal at the Tribunal," (NYSCEF Doc. No. 35).

Petitioner now brings this proceeding to vacate the decisions relating to Summons 24Z and Summons 8J issued by OATH. Petitioner contends that OATH's decisions were arbitrary

**155200/2023   1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 9**

3 of 9

[* 3]

and capricious as it had previously granted motions to vacate based on similar circumstances relied upon by petitioner. Petitioner argues that there were "fatal defects" regarding the service of process, resulting in petitioner's nonappearance at the hearings. According to petitioner, it is unclear what exceptional circumstances are accepted by OATH and argues that the circumstances provided should be an exception to the rule. Furthermore, petitioner asserts that OATH is not prejudiced by vacating the judgments and doing so would serve New York's general policy of deciding cases on the merits. Finally, petitioner contends that the rejection letters were inadequate and failed to provide a specific explanation to petitioner about why the motions were denied.

In opposition, respondent contends that the determinations were rational in light of the administrative record. Respondent argues that Summons 8J was properly served through "Affix and Mail Service," and that petitioner does not offer any evidence that the inspector's attempts to serve the summons were insufficient. As for Summons 24Z, respondent contends that petitioner failed to appear for the second hearing OATH granted to petitioner, and failed to establish exceptional circumstances when it made the October 19th motion to vacate. Moreover, respondent argues that petitioner did not provide a credible reason for failing to appear at the October 19th hearing. Finally, respondent asserts that petitioner offers no caselaw or support for the claim that OATH's determination fails to adhere to prior precedent.

Petitioner did not bother to submit an actual reply; instead, its attorney decided to write a letter "in leu [sic] of a formal reply," (NYSCEF Doc. No. 37). Curiously, the letter is addressed to "Hon. Wilson" although Justice Krauss was formerly assigned to this case.

155200/2023   1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 9

4 of 9

## Discussion

In an Article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious. An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*Matter of Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013]).

48 RCNY 6-21 provides:

A first request for a new hearing after default by a Respondent that is submitted within seventy-five (75) days of the mailing or hand delivery date of the default decision will be granted… A request for a new hearing after default that is submitted after seventy-five (75) days of the date of the mailing or hand delivery date of the default decision must be filed within one (1) year of the date of the default decision and be accompanied by a statement setting forth a reasonable excuse for the Respondent's failure to appear and any documents to support the request. The Hearing Officer will determine whether a new hearing will be granted.

### Summons 8J

OATH did not act arbitrary or capriciously in its denial of petitioner's motions to vacate that decision.

As an initial matter, in accordance with CPLR 308(4), service of Summons 8J was made "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode[.]" with a follow up mailing. In the inspector's affidavit, he checked the box (4A[3]) indicating that he tried to find someone who was in charge, that he rang bells/knocked but no one answered, and that he could not find any signage indicating where to find someone in charge. So he posted the violation in an obvious spot, the front door. (NYSCEF Doc. No. 2). Furthermore, the follow up mailing was made to the address that petitioner had on file with the City of New York and to the premises (NYSCEF Doc. No. 15).

**155200/2023  1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL**          **Page 5 of 9**
**Motion No.  001**

5 of 9

Petitioner makes the conclusory claim that it did not receive the summons, but this claim is insufficient to overcome a presumption that proper service occurred via affixing the summons to the door and mailing, as "a properly executed affidavit of service raise[s] a presumption that a proper mailing occurred, and a mere denial of receipt is not enough to rebut this presumption," (*Kihl v Pfeffer*, 94 NY2d 118, 122, 700 NYS2d 87 [1999]). Thus, service of the summons was sufficient.

Petitioner's argument, that no attempt to find someone at the premises before posting was made, is directly contradicted by the fact that the inspector checked the box to indicate that he looked for someone. Petitioner does not present any evidence that an employee was present that day, that there was a prominent sign indicating which apartment the superintendent lived in or anything similar. In other words, there is nothing to contradict that everything the inspector said was true.

But the insufficiency of petitioner's papers does not stop there. Petitioner defaulted in November 2021 and eventually moved to vacate in June of 2022. This motion was immediately rejected because the person submitting the papers did not show how he was connected to the premises.[1] Although the deadline was ten days to resubmit the information, petitioner eventually submitted it a month later, on July 20, 2022; respondent overlooked the late papers and denied the application because petitioner failed to submit proper proof of connection to the premises. That denial was on August 24, 2022, which was nine months after the November 24, 2021 decision on default. That means there were three months left before the 1-year deadline to move to vacate the default would expire.

---

[1] No one challenges respondent's right to make certain that the non-attorney person answering the summons truly has the authority to represent the building and is not just someone who happened to see the summons.

155200/2023   1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 6 of 9

For some reason not shared in these papers, petitioner did not move within the three month deadline and instead waited another eight months before dealing with this outstanding violation; petitioner did not move again until April 2023 (presumably because it had received the other summons by that time and decided to deal with them both). By then it was well over a year – it was more than a year and a half – since the default on 8J. And the motion on 8J was denied because exceptional circumstances were not shown.

In other words, petitioner's initial requests for a hearing were within the 1-year timeframe as outlined in 48 RCNY 6-21, but because the movant did not show he had the authority to represent petitioner, the requests could not be considered. To OATH, this application could have been from any person who knew about the summons, whether they were qualified to represent petitioner or not. Instead of remedying the deficiency, petitioner submitted a second motion to vacate but submitted it after the 1-year deadline passed.

While the Administrative Law Judge ("ALJ") has discretion to consider the request for a new hearing, the regulation provides that the ALJ will consider "exceptional circumstances. . . in order to avoid injustice." (48 RCNY 6-21 [f]). Here, petitioner's exceptional circumstance was that the method of service was insufficient; however, the ALJ concluded that claim lacked merit as service was conducted in accordance with the statutory framework. And clearly petitioner knew about it because it brought the first motion to vacate in a timely manner, although the first motion was defective for other reasons.

This Court finds that the ALJ's decision on 8J was not arbitrary or capricious. Indeed, it makes perfect sense. Petitioner simply did not provide an exceptional circumstance to warrant vacating its default well after the year deadline. Clearly, petitioner knew about the summons months before the deadline expired but sat on its hands. And even if it first found out about it

**155200/2023   1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL**          **Page 7 of 9**
  **Motion No.  001**

7 of 9

[* 7]

more than a year after the default, petitioner still did not offer anything other than the self-serving conclusion that it did not receive the summons. Faced with an affidavit swearing that the inspector, before posting on the front door, looked for someone, rang bells/knocked and there was no signage of where an employee could be found on the premises, the bare claim that petitioner did not receive the papers is not enough. Petitioner did not present any evidence to contradict the inspector's affidavit.

**Summons 24Z**

OATH did not act arbitrarily or capriciously when it issued its determination regarding summons 24Z. Despite petitioner's concerns regarding service, the issue here turns not on whether service was proper, but on petitioner's failure to appear for the hearing. Upon learning of the summons, petitioner moved to vacate the default promptly; that motion was granted, and a new hearing was scheduled and then adjourned at petitioner's request. For some reason, petitioner failed to appear at that hearing.

Thus, OATH granted the request for a new hearing after the first default and petitioner defaulted for a second time on summons 24Z when it defaulted at that hearing. Pursuant to 48 RCNY 6-21 (e)(1), "if, after a request for a new hearing has been previously granted, a respondent defaults on the same summons, the second default shall not be eligible for a request for a new hearing." OATH followed that clear rule when it denied petitioner's request to vacate the second default on the same summons.

Nowhere in the record below is there any reason given that would require OATH to make an exception to the rule. There is nothing in this record to show that there was a death in the family, a hospitalization or even a computer problem which caused the default at the hearing.

**155200/2023   1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL**       **Page 8 of 9**
  **Motion No.  001**

8 of 9

That is not to say that such an excuse would be valid, but it wasn't even claimed – all that is claimed is that the underlying service was bad, but the underlying service is not the default at issue here – that default was already vacated, and petitioner was given the opportunity to challenge the ticket. The Court finds that OATH's determination denying petitioner's request for yet another hearing – when no excuse at all was given for the failure to appear on the adjourned date – was rational.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| 1/3/2024 | | | | | |
|----------|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | X OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155200/2023   1930 HOMECREST REALTY LLC vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 9 of 9**

9 of 9