Martucci v 500 W25th Owner LLC (2024 NY Slip Op 00866)

Martucci v 500 W25th Owner LLC

2024 NY Slip Op 00866

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 160927/20 Appeal No. 1696 Case No. 2023-03593 

[*1]Christopher Martucci, Plaintiff-Respondent,
v
500 W25th Owner LLC, Defendant-Appellant, Avo Construction LLC, et al., Defendants.

Barker Patterson Nichols LLP, New York (Bhalinder L. Rikhye of counsel), for appellant.
The Grandelli Firm, New York (D. Allen Zachary of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered May 30, 2023, which denied defendant 500 W25th Owner LLC's (Owner) motion to vacate a default judgment, unanimously affirmed, without costs.
The Owner's motion seeking vacatur of the default was untimely. Plaintiff served the order granting a default judgment with notice of entry on October 20, 2021. Owner filed the motion to vacate on November 14, 2022, more than one year after the CPLR 5015(a)(1) statutory deadline, which mandated denial (see Mortgage Elecs. Registration Sys., Inc. v Mercado, 194 AD3d 420, 421 [1st Dept 2021]; see also Carter v Daimler Trust, 177 AD3d 541, 541 [1st Dept 2019]; Pina v Jobar U.S.A., LLC, 104 AD3d 544, 545 [1st Dept 2013]).
Moreover, Owner failed to demonstrate a particularly compelling excuse for the default and establish a meritorious defense (see Johnson v Sam Minskoff & Sons, 287 AD2d 233, 236 [1st Dept 2001]). Owner's alleged reasonable excuse, that its insurer failed to assign counsel, is unavailing because the record shows that Owner was served with plaintiff's motion for a default judgment and notice of entry of the default judgment but did nothing to ensure that counsel was assigned to defend its interests (see Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600, 604 [1st Dept 2017]).
We have considered Owner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024