| |
|---|
| **Gamble v CPV Valley, LLC** |
| 2025 NY Slip Op 32770(U) |
| August 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151395/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**                PART                    **57M**

                                    *Justice*

-----------------------------------------------------------------------------X

PATRICK JON GAMBLE,

                            Plaintiff,

                        - v -

CPV VALLEY, LLC,CPV VALLEY HOLDINGS, LLC,CPV
PROPERTIES, LLC,CPV DEVELOPMENT, LLC,SKANSKA
INC.,SKANSKA USA INC.,SKANSKA USA BUILDING
INC.,SKANSKA USA CIVIL NORTHEAST INC.,BURNS &
MCDONNELL ENGINEERING COMPANY, INC.,E.C.C.O III
ENTERPRISES, INC.

                            Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151395/2020 |
| **MOTION DATE** | 04/18/2025 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108

were read on this motion to/for                  SUMMARY JUDGMENT(AFTER JOINDER          .

It is undisputed that Defendants are in default of their obligation to appear for depositions that were the subject of multiple court orders.

Based on the foregoing, the motion for summary judgment is denied without prejudice to renewal if Defendants comply with this order to appear for depositions within 30 days.

CPLR § 3126, entitled "Penalties for refusal to comply with order or to disclose" provides:

> If any party, or a person who at the time a deposition is taken or an examination or inspection is made is an officer, director, member, employee or agent of a party or otherwise under a party's control, refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them:

**151395/2020   GAMBLE, JR., PATRICK JON vs. CPV VALLEY, LLC**                **Page 1 of 4**
  **Motion No.  003**

1 of 4

1. An order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order; or

2. An order prohibiting the disobedient party from supporting or opposing designated claims or defenses, from producing the evidence designated things or items or testimony, or from introducing any evidence of the physical, mental or blood condition sought to be determined, or from using certain witnesses; or

3. An order striking out pleadings or parts thereof, … or rendering a Judgment by default against the disobedient party.

"If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl v. Pfeffer,* 94 N.Y.2d 118, 123, 700 N.Y.S.2d 87, 722 N.E.2d 55 [1999]). Although actions should be resolved on the merits whenever possible, the efficient disposition of cases is not advanced by hindering the ability of the trial court to supervise the parties who appear before it and to ensure they comply with the court's directives (*see Arts4All, Ltd. v. Hancock,* 54 A.D.3d 286, 287, 863 N.Y.S.2d 193 [2008], *affd.* 12 N.Y.3d 846, 881 N.Y.S.2d 390, 909 N.E.2d 83 [2009], *cert. denied* —— U.S. ——, 130 S.Ct. 1301, 175 L.Ed.2d 1076 [2010] ). Thus, a penalty imposed pursuant to CPLR 3126 should not be readily disturbed absent a clear abuse of discretion (*id.* at 286, 863 N.Y.S.2d 193; *see Sawh v. Bridges,* 120 A.D.2d 74, 79, 507 N.Y.S.2d 632 [1986], *appeal dismissed* 69 N.Y.2d 852, 514 N.Y.S.2d 719, 507 N.E.2d 312 [1987] ).

*Fish & Richardson, P.C. v. Schindler*, 75 A.D.3d 219, 220 (1st Dept., 2010).

"Willful and contumacious conduct can be inferred from repeated noncompliance with court orders directing depositions, coupled with either no excuses or inadequate excuses."

*Castrignano v. Flynn*, 255 A.D.2d 352, 353 (2nd Dept.,1998)

Defendants failed to comply with multiple Court orders to appear for deposition. Based on the history of said defaults, the Court finds Plaintiff has met his burden in showing the defaults are presumed to be willful and contumacious. *See Moskowitz v Hickey* 154 AD3d 585 (1st Dept., 2017)(*failure to comply with three successive court orders willful and contumacious*); *Loeb v Assara New York I LP* 118 AD3d 457(1st Dept., 2014)(*failure to produce a witness on three successive orders prejudiced opponents ability to obtain material and necessary*

**151395/2020   GAMBLE, JR., PATRICK JON vs. CPV VALLEY, LLC**
**Motion No.  003**

**Page 2 of 4**

2 of 4

*information solely with that party's possession*); *Reidel v Ryder TRS, Inc.* 13 AD3d 170(1st Dept., 2004)(*disobeying of three successive court orders directing them to appear for depositions constituted precisely the sort of dilatory and obstructive , and thus contumacious conduct warranting striking of pleading*).

The Court will grant Defendants once last chance for compliance before imposing sanctions pursuant to CPLR 3126(3).

Plaintiff's cross-motion is granted to the following extent, Defendants must appear for the previously ordered deposition within 30 days of the date of this order, if Defendants fail to appear their answer will be stricken.

If Defendants do appear they have leave to renew their motion for summary judgment.

This order shall be self-executing, and will become absolute upon Defendants' failure to comply, without the necessity of further motion practice. See *Standard Fire Ins. Co. v Federal Pacific Electric Co.*, 14 AD3d 213 (1st Dept. 2004); *Lopez v City of New York*, 2 AD3d 693 (2nd Dept. 2003).

WHEREFORE it is hereby:

ORDERED that defendants motion for summary judgment is denied as set forth above; and it is further

**151395/2020   GAMBLE, JR., PATRICK JON vs. CPV VALLEY, LLC**
**Motion No.  003**

**Page 3 of 4**

ORDERED that Defendants' answer shall be stricken unless, within 30 days of the date of this order, defendants produces for deposition a witness with knowledge of the facts at the office of counsel for Plaintiff on a date and at a time convenient for the parties.

This constitutes the decision and order of the Court.

2025081316524 3SBKRAUSD60E3867258F44CBBD4B730E2E5BE8AA

| | |
|---|---|
| **8/13/2025** | |
| **DATE** | **SABRINA KRAUS, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151395/2020   GAMBLE, JR., PATRICK JON vs. CPV VALLEY, LLC**
**Motion No.  003**

[* 4]